IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AARON YOUNG,  )
             )
    Plaintiff,  )
             )
             )
    v.       ) Case 14 CV 02832
             )
             )
Klarice Schutz,  )
             )
    Defendant.  )
             )
             )
             )

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant Klarice Schutz's motion to dismiss for lack of subject matter jurisdiction is denied for the reasons stated below.

I.

Defendant Klarice Schutz is an Illinois resident and the daughter of Bernard Schutz, founder of Prestige Art, Inc. ("Prestige"), an art gallery in Skokie, Illinois. On or about November 2, 2002, Plaintiff Aaron Young, a Maryland citizen, purchased from Prestige various pieces of valuable art ("Subject Art Works"). The purchase price of the Subject Art Works was $58,700; however, Young and Bernard Schutz agreed that Young would pay only $50,000 in exchange for allowing Bernard Schutz to

1

maintain possession of the Subject Art Works until both Bernard and his wife passed away.

In 2013, after both Bernard Schutz and his wife died, Defendant Klarice Schutz took possession of the Subject Art Works and attempted to sell them through an auction house. Young filed a two-count complaint against Klarice Schutz for conversion and replevin. Young claims that the Subject Art Works are currently worth no less than $150,000.

Klarice Schutz has moved to dismiss both counts under Fed. R. Civ. P. 12(b)(1), arguing that Young has failed to meet the jurisdictional requirement that the amount in controversy must exceed $75,000. In resolving the motion to dismiss, I must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in Young's favor. *Int'l Airport Centers, LLC v. Citrin*, 440 F.3d 418, 419 (7th Cir. 2006).

II.

"Under 28 U.S.C. § 1332, federal courts have jurisdiction over civil suits between citizens of different states 'where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542 (7th Cir. 2008). The Seventh Circuit has explained the proper standard that courts should apply when the amount of controversy is contested:

2

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify the dismissal. Only if it is legally certain that the recovery (from the plaintiff's perspective) or the cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (internal citations omitted). Young bears the burden of establishing that the amount in controversy meets the statutory requirement. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("The party invoking federal jurisdiction bears the burden of demonstrating its existence."). Because Klarice Schutz challenges jurisdiction, Young must support his allegation of the amount in controversy with "competent proof." *McMillan v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). "To satisfy this burden, a party must do more than 'point to the theoretical availability of certain categories of damages.'" *Id.* (internal citations omitted). Proof is "competent" so long as it provides "proof to a reasonable probability that jurisdiction exists." *Anthony v. Sec. Pac. Fin. Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (internal citation omitted).

Young responded to Ms. Schutz's assertion that the amount in controversy requirement was not met by offering the Declaration of Louis Schutz, who served as the president of Prestige for over twenty years.[1] In his Declaration, Louis Schutz states that he has worked at Prestige for over four decades and has "been responsible for buying and selling inventory, running the entire art gallery, conducting fine art appraisals, buying and selling museum quality custom framing, and overseeing the conservation and restoration of fine art works." Schutz Dec. at ¶ 2-4. He also notes that he has taken and passed "the core courses of the International Society of Appraisers ("ISA") on the mechanics and ethics of appraisal." *Id.* at ¶ 5. According to Louis Schutz, the Subject Art Works "were collectively worth well in excess of Seventy Five Thousand Dollars ($75,000)" when Klarice Schutz took possession of them. *Id.* at ¶ 11. In support of his estimation of the cumulative value of the Subject Art Works, Louis Schutz lists each work individually and provides his estimation of its current value. *Id.* at ¶ 12a-12l. He appraises the value of the Subject Art Works at over $223,000.

Plaintiff also refers to the Consumer Price Index inflation calculator which indicates that the value of $58,700 in 2002 is currently $77,354.79. Plt. Resp. Br. at 4. He argues that

---

[1] Louis Schutz is also Bernard Schutz's son and Klarice Schutz's brother.

"[b]ased purely on inflation," the value of the Subject Art Works meets the statutory minimum. *Id.*

Klarice Schutz challenges Young's proof, arguing that because Louis Schutz is an "interested" party by virtue of his adversarial relationship with her, he cannot offer competent proof. Def. Reply Br. at 3. Notwithstanding the familial squabble that involves the Subject Art Works and casts some shadow over Louis Schutz's partiality, he does have over forty years' experience in the art appraisal business. Moreover, I am convinced that the value of the Subject Art Works, which were valued at $58,000 in 2002, could have appreciated more than $17,000 over the intervening twelve years, as demonstrated by the inflation information provided by the United States Bureau of Labor Statistics. Young has offered sufficient proof that there is a reasonable probability that the Subject Art Works' value exceeds $75,000. "Once the proponent of federal jurisdiction has explained plausibly how the stakes" exceed $75,000, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

III.

For the foregoing reasons, Defendant's motion to dismiss is denied.

**ENTER ORDER:**

**Dated**: August 18, 2014

_____
**Elaine E. Bucklo**
United States District Judge