```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


AARON YOUNG,                          )
                                      )
        Plaintiff,                    )
                                      )
                                      )
    v.                                ) Case 14 CV 02832
                                      )
                                      )
Klarice Schutz,                       )
                                      )
        Defendant.                    )
                                      )
                                      )
                                      )
```

                    MEMORANDUM OPINION AND ORDER

    In a complaint filed on April 21, 2014, plaintiff alleges that he purchased twelve works of art (the "Subject Art Works") from Prestige Art, Inc., a non-party, in November of 2002. By contemporaneous agreement with Prestige's owners, Bernard and Louis Schutz, who are defendant's father and brother, respectively, the Subject Art Works were to remain in the possession of Bernard and his wife, Betty, until both were deceased. Betty passed away in 2011. After Bernard's passing in October of 2013, plaintiff sought to obtain possession of the Subject Art Works, but his efforts were blocked by defendant, the executor of Bernard's estate, who had taken control of the building in which the Subject Art Works were located. This law suit, which asserts claims for conversion and replevin, ensued.

Before me is defendant's motion to stay the action under *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976), pending the outcome of ongoing probate and related state proceedings. For the following reasons, I deny the motion.

I.

Probate proceedings began with the filing of Bernard's will on November 12, 2013, and were later consolidated with a related state action Prestige filed against defendant. Defendant asserts that a central dispute in the state proceedings is over the parties' competing claims to ownership of the Subject Art Works. Plaintiff is not a party to the state proceedings, although he filed a document styled "Notification With Respect To Wrongfully Inventoried Property" in probate court "to notify the probate court of Young's ownership of the Subject Art Works and the pendency of this action in which Young seeks to enforce those rights." Resp. at 4. Defendant argues that plaintiff's federal case should be stayed because his claims here "depend[] absolutely" on the probate judge's resolution of the competing ownership claims to the Subject Art Works. Mot. at 4.

Although defendant's motion makes reference to documents and arguments in the state proceedings, she did not attach any materials from those proceedings to her motion. From the materials that plaintiff submitted in response, however, it appears that defendant claims ownership of all of the Subject Art Works. The transcript of a hearing before the probate judge on October 23, 2014, indicates

2

that defendant's claim of ownership derives from two sources.  As to some of the Subject Art Works, she claims that Bernard gifted them to her during his lifetime.  As to others, she claims that they were part of Bernard's "personal art collection" at the time of his death, and thus were bequeathed to her pursuant to the terms of his will. *See* Oct. 23, 2014, Tr., Pl.'s Supp. Exh. A at 51-53.  At the same hearing, Prestige expressed its view that plaintiff was the owner of the Subject Art Works.  *Id.* at 22-23.[1]

Defendant asserts that "the Probate Court has committed to painstakingly resolving the competing ownership interests in Bernard's Estate," and that the parties have undertaken substantial work towards that end.  Mot. at 4.  Defendant insists that litigating the ownership of the Subject Art Works in this court would interfere with the probate court's task and would create the risk of inconsistent results.

Plaintiff argues that a stay is inappropriate because the federal and state cases involve different parties and different issues, and thus do not meet the "parallel proceedings" requirement of *Colorado River*.  Plaintiff emphasizes that the Subject Art Works represent only twelve of the several hundred works of art at issue in the state proceedings, which involve a "family squabble" having

---

[1] Defendant suggests that Prestige has also claimed ownership of the Subject Art Works in the state proceedings, *see* Mot. at ¶¶ 10, 13-16, but she does not point to any portion of the record reflecting that claim.

nothing to do with him. Plaintiff further contends that even if the proceedings were parallel, application of the Seventh Circuit's test for determining whether exceptional circumstances justify the relinquishment of federal jurisdiction reveals that they do not.

II.

Abstention under *Colorado River* is the exception, not the norm, as federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. Accordingly, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id*. (internal quotations and citation omitted) Nevertheless, when there is concurrent federal and state court litigation, "exceptional circumstances may exist that permit a federal court to refrain from exercising that jurisdiction for reasons of wise judicial administration." *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988) (citing *Colorado River*, 424 U.S. at 818) (quotation marks omitted).

A two-part inquiry informs a federal court's analysis of whether a stay is appropriate. *Adkins v. VIM Recycling, Inc*., 644 F.3d 483, 498 (7th Cir. 2011). First, the court must determine whether the concurrent federal and state suits are actually parallel. *Id.* This requirement means that the party seeking the stay must show that "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Calvert Fire*

4

*Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir. 1979). If they are, the court proceeds to determine whether "exceptional circumstances" justify abstention. *Adkins,* 644 F.3d at 498. But "[i]f the actions are not parallel, the *Colorado River* doctrine does not apply," *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001), so the inquiry ends.

Defendant's motion falters at the threshold. There is no dispute that the only parties to the probate proceedings are defendant, Louis, and Louis's wife, Judith Schutz. Decl. of Jeffrey Stevenson, Pl.'s Resp., Exh. E at ¶ 4. In fact, at the October 23, 2014, hearing, defendant objected to allowing plaintiff to file any claim to the Subject Art Works in those proceedings on the ground that he had failed timely to do so after receiving notice of his rights.[2] *See* Oct. 23, 2014, Tr., Pl.'s Supp. Exh. A. at 19:6-10.

The probate transcripts before me confirm that plaintiff is not a party to the probate proceedings, and that no party to those

---

[2] The parties dispute whether the notice plaintiff received adequately informed him that his ownership of the Subject Art Works was at issue in the probate proceedings. Defendant cites her counsel's June 26, 2014, letter to plaintiff informing him of the proceedings and of his right to file a claim. But this letter made no mention of the Subject Art Works, and defendant offers no other basis from which to conclude that plaintiff knew his ownership of those works was contested. Although defendant, in her capacity as executor of Bernard's estate, filed an inventory of the estate's assets in the probate proceedings, there is no evidence that plaintiff received a copy of that inventory any time prior to September 26, 2014, which is when defendant contends plaintiff's right to file a claim expired.

5

proceedings is advocating in plaintiff's interest. At the October 23 hearing, the probate judge initially viewed the dispute over the Subject Art Works as a "three-way battle" among defendant, Prestige, and plaintiff, who had by then filed his "Notification With Respect To Wrongfully Inventoried Property" but had not participated in any other proceedings. *Id*. at 22:1-2. After Prestige clarified that in its view, the Subject Art Works "belong to Aaron Young, and they were sold to Aaron Young a long time ago," and that Prestige was "not going to prosecute any objection to [the executor's] inventory on that artwork," *id*. at 23:10-14, the probate judge concluded, "we narrow that battle down to two, then, instead of three." *Id*. at 23:18-20. Once it became clear that the dispute over the Subject Art Works was between plaintiff and defendant, and that Prestige would not pursue objections based on plaintiff's ownership of the Subject Art Works, the probate judge set a status hearing for November 12, 2014, to address plaintiff's "Notification With Respect To Wrongfully Inventoried Property" and ordered plaintiff to attend.

At the November 12 hearing, however, the probate judge ruled that notwithstanding plaintiff's filing of the procedurally anomalous "Notification," plaintiff was not a party to the proceedings. Nov. 12, 2014, Tr., Pl.'s Supp. Exh. E. at 16:4-6. Indeed, defendant conceded at the hearing that plaintiff would not be bound by the probate judge's ruling on the ownership of the Subject Art Works, and further insisted that she was "not trying to bring [plaintiff] into

6

these proceedings. *Id*. at 5:19, 6:10. These developments raise a "substantial doubt" that the probate proceedings would "be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983). Yet, "whether there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case,'" is the "critical question" in determining whether the proceedings are parallel under *Colorado River*. *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (quoting *Adkins*, 644 F.3d at 499) (reversing stay).

While defendant is correct that the parties to the two suits need not be identical, abstention is inappropriate unless the movant establishes that the interests of some party to the state proceedings are "closely aligned" with the interests of the absent party. *See Adkins*, 644 F.3d at 499 and n. 6 (acknowledging that "precise identity of parties" is not required where parties' interests are "closely aligned," but holding that a "general alignment of interests" is insufficient to establish that proceedings are parallel). Defendant's only argument on the issue says nothing of how the parties' interests align, but asserts that "Louis should properly be a party in interest in the [federal] lawsuit because he is the person who sold [plaintiff] art from Bernard's personal art collection that [defendant] will assert Louis had no legal right to sell." Mot. at 6. This argument, as best I can discern it, seems to

7

be that instead of suing defendant for converting property plaintiff claims to have purchased from Prestige, plaintiff should have sued *Louis* for purporting to sell property on behalf of Prestige without the authority to do so, as the property did not belong to Prestige but to Bernard.

Whatever the merits of this hypothetical claim, defendant's argument that plaintiff could or should have sued Louis does not support her entitlement to a stay. Indeed, she cites no authority for basing *Colorado River*'s "parallel proceedings" analysis on a federal case plaintiff *might* have brought, rather than on the actual case he *has* brought. Her citation to *AAR Int'l Inc. v. Nimelias Enterprises, S.A.,* 250 F.3d 510, 518 (7th Cir. 2001) (reversing abstention because proceedings were not parallel) for the general proposition that "suits need not be identical to be parallel…and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel," likewise does not persuade me that there is a substantial identity of parties in the concurrent proceedings here.

At bottom, while the two proceedings are likely to address some of the same issues, the Supreme Court has made clear that the inherent risks and inefficiencies of pursuing overlapping claims in multiple forums are not a sufficient basis for relinquishing federal jurisdiction. *See Huon v. Johnson & Bell*, Ltd., 657 F.3d 641, 649 (7th Cir. 2011) ("[a]bstention requires more than the pendency of

another lawsuit, because judicial economy will always be an issue when there is concurrent litigation. Knowing this, the Supreme Court nevertheless has admonished district judges not to stay or dismiss actions without strong justification to do so."). Because there is no dispute that plaintiff is not a party to the probate proceedings, nor are his interests represented in that case, I conclude that the federal and state proceedings are not parallel.

III.

For the foregoing reasons, defendant's motion to stay is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 8, 2014