# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AARON YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2832 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| KLARICE SCHUTZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Aaron Young sues Klarice Schutz to recover art works that he alleges were sold to him by Klarice's late father, Bernard. The case is before the Court on Klarice's motions pursuant to Federal Rules of Civil Procedure ("Rules") 19 and 24 for joinder and intervention. For the reasons set forth below, the Court denies the motions.

## Facts

Until his death in October 2013, Klarice's father, Bernard Schutz, and her brother, Louis Schutz, owned and operated Prestige Art, Inc. (Compl. ¶¶ 5-9.) Young, who was close friends with Bernard and remains so with Louis, alleges that he bought various art works from Prestige in November 2002. (*Id.* ¶¶ 10-11.) Young did not, however, take possession of the works after he bought them. (*Id.* ¶ 15.) Instead, Young agreed with Bernard and Louis that Bernard could keep and could display the pieces in his home until Bernard's death. (*Id.*) Upon Bernard's death, Klarice took possession of the art and has refused to give it to Young. (*Id.* ¶ 16.)

**Discussion**

**Motion to Compel Joinder of Louis Schutz**

In relevant part, Rule 19 provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A)[1]; *see Florian v. Sequa Corp.*, No. 98 C 7459, 2002 WL 31844985, at *3 (N.D. Ill. Dec. 18, 2002) (party seeking joinder has the burden of establishing its necessity). In this context, "the term 'complete relief' refers only to 'relief between the persons already parties . . . not [to relief] between a party and the absent person whose joinder is sought.'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992)). Because the Court can determine whether Young or Klarice is entitled to the art without considering either party's potential claims against Louis, joinder of Louis is not necessary to accord the parties complete relief. *See id.* (resolution of collateral issues is not necessary to accord complete relief to persons already parties). Accordingly, the Court denies Klarice's motion for joinder.

**Motion to Intervene**

Klarice, acting as executor of Bernard's estate, seeks to intervene in this suit "for the limited purpose of drawing the Court's attention to the 'probate exception' to this Court's subject matter jurisdiction." (Mem. Law Supp. Mot. Intervene Limited Purpose at 7.) A party seeking to intervene

---

[1] Klarice does not argue that Louis' joinder is necessary under any other section of Rule 19.

as of right under Rule 24(a) "has the burden of establishing that: (1) [her] motion[] to intervene [is] timely; (2) [she] possess[es] an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the [parties to the suit] fail to represent adequately [her] interest." *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). Klarice cannot satisfy the first element because she was appointed executor of her father's estate three months before this suit was filed but waited a year to file this motion. (*See* Mem. Law Supp. Mot. Intervene Limited Purpose at 1 (stating that Klarice was appointed executor by the probate court on January 21, 2014).) She also cannot satisfy the last element because Klarice the executor's interests are adequately represented by Klarice the individual who has already unsuccessfully argued, albeit in the context of a *Colorado River* motion to stay, that this case should yield to the probate proceedings. (*See* 12/8/14 Mem. Op. & Order.) Thus, the Court denies Klarice's motion to intervene as of right.

The untimeliness of the motion also dooms Klarice's request for permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B) (stating that permissive intervention is appropriate when the putative intervenor makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact"); *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003) ("A prospective intervenor must move promptly to intervene as soon as [she] knows or has reason to know that its interests might be adversely affected by the outcome of the litigation."). Because Klarice did not file this motion at the start of this litigation and, as noted above, will suffer no prejudice if she is denied leave to intervene, the Court denies her motion.

## Conclusion

For the reasons set forth above, the Court denies the motions for joinder [39] and to intervene [42].

**SO ORDERED.**                                  **ENTERED: May 11, 2015**

 

 

**HON. JORGE L. ALONSO**
**United States District Judge**